UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,

        - against -                   **MEMORANDUM AND ORDER**

                                          11 Cr. 445 (NRB)

ROBERTO MARTINEZ and
ANTHONY GONZALEZ,

                Defendants.

-------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Defendant Roberto Martinez ("Martinez") has filed several motions seeking access to funds seized by the Government upon his arrest. Specifically, Martinez requests that $69,000 in seized funds be released to enable him to retain private counsel. Alternatively, Martinez requests that this Court hold a hearing pursuant to United States v. Monsanto ("Monsanto IV"), 924 F.2d 1186 (2d Cir. 1991) (en banc), to determine whether there is probable cause that the seized funds are indeed forfeitable.

      For the reasons to be discussed below, we deny Martinez's motion without a hearing.

## BACKGROUND

      The Government alleges that in March 2011, Martinez conspired and attempted to distribute and possess with intent to

1

distribute five kilograms and more of cocaine in violation of 21 U.S.C. § 846. (Indictment ¶¶ 1-4.) As an alleged down-payment for a purchase of cocaine, Martinez deposited $30,000 into a bank account that he allegedly believed to be controlled by narcotics suppliers. (Government's Opp'n to Def. Martinez's Mot. to Release Seized Funds ("Gov't Opp'n") at 2.) At a subsequent meeting with confidential informants, Martinez allegedly stated that he had approximately $30,000 in cash in his car for purchasing the cocaine. (Gov't Opp'n at 2.) Martinez was arrested in connection with this meeting, and upon his arrest, Government agents discovered $39,000 in cash in a knapsack in Martinez's car. (Gov't Opp'n at 2-3.)

Pursuant to 21 U.S.C. § 853, the Indictment contained forfeiture allegations requiring that Martinez forfeit "any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the narcotics violations." (Indictment ¶¶ 6-7.) In the instant motion, Martinez seeks the release of the combined $69,000 seized by the Government to enable him to retain counsel of his choice.

## **DISCUSSION**

The ability to restrain a defendant's assets pretrial under 21 U.S.C. § 853 was addressed by the Supreme Court and the Second Circuit in the Monsanto line of decisions. In United States v. Monsanto ("Monsanto III"), 491 U.S. 600 (1989), the

2

Supreme Court held that "neither the Fifth nor the Sixth Amendment to the Constitution requires Congress to permit a defendant to use assets adjudged to be forfeitable to pay that defendant's legal fees." Id. at 614. The Court expressly reserved the question, however, of the procedural requirements associated with a restraint effectuated pretrial. See id. at 615 n.10. On remand, the Second Circuit addressed this issue and held that "to continue a restraint of assets [] needed to retain counsel," the Fifth and Sixth Amendments "require an adversary, post-restraint, pretrial hearing as to probable cause that ... the properties specified as forfeitable in the indictment are properly forfeitable." Monsanto IV, 924 F.2d at 1203.

Despite the strong language in the Second Circuit's discussion, the balance of authority developed since Monsanto IV suggests that the requirement of a pretrial hearing is not absolute. Under the so-called "Jones-Farmer Rule," a pretrial hearing on a defendant's motion to release assets is required only if the defendant (1) demonstrates to the court's satisfaction that he has no assets, other than those restrained, with which to retain private counsel; and (2) makes a prima facie showing that the assets are not forfeitable. United States v. All Funds on Deposit, No. CV-05-3971(SJF), 2007 WL 3076952, at *7 (E.D.N.Y. Oct. 17, 2007) (citing United States v.

Jones, 160 F.3d 641, 647 (10th Cir. 1998)); United States v. Farmer, 274 F.3d 800, 804-05 (4th Cir. 2001)). Numerous district courts in the Second Circuit have adopted this approach. See, e.g., United States v. Dupree, 781 F. Supp. 2d 115, 141-42 (E.D.N.Y. 2011); United States v. Kam, No. 10 Cr. 875 (RJD), 2011 WL 3039589, at *4 (E.D.N.Y. Mar. 18, 2011); United States v. Egan, 10 Cr. 191 (JFK), 2010 WL 3000000, at *5 (S.D.N.Y. July 29, 2010); All Funds on Deposit, 2007 WL 3076952, at *7. We find this framework logical and consistent with the balancing of interests underlying the Second Circuit's decision in Monstanto IV. Therefore, we will employ the Jones-Farmer Rule as well.

Martinez fails to satisfy both of the prerequisites to a pretrial hearing. First, Martinez has not produced evidence that he will not be able to pay for private counsel without access to the funds. Martinez makes the conclusory statements that "[w]ithout his funds that were seized [he] will be compelled to accept court appointed counsel" and that "[he] has no other funds nor does his family to retain private counsel." (Supplemental Mot. to Release Seized Funds to Retain Private Counsel of His Choice Under the Fifth and Sixth Amendment of the U.S. Constitution or, in the Alternative, to Hold a Monsanto Hearing ¶¶ 3,6.) However, a defendant seeking a Monsanto hearing must provide at least some tangible evidence supporting

4

the claim that the seized funds are truly needed to retain counsel. See Egan, 2010 WL 3000000, at *6 ("Because Defendant has not submitted any evidence that suggests that the restrained assets are necessary to retain his counsel of choice, his request for a Monsanto hearing is denied."); cf. Dupree, 781 F. Supp. 2d at 142 (describing an affidavit submitted by defendant depicting his assets, liabilities, and net worth); Kam, 2011 WL 3039589, at *4 (describing sworn financial statements concerning the defendant and the defendant's family members). Martinez has failed to provide any such evidence.

Even if Martinez could demonstrate a need to access the funds, he has failed to make a prima facie showing that the funds are not forfeitable in the event of his conviction. Martinez makes absolutely no effort to demonstrate that the restrained funds are not traceable to the underlying offense, nor does he question that there was probable cause to support the underlying charges.[1] See Kam, 2011 WL 3039589, at *5 n.7 (citing Monsanto IV, 924 F.2d at 1197). Martinez thus fails to

---

[1] It is not surprising that Martinez has not substantively addressed these issues. If the alleged factual circumstances surrounding Martinez's arrest are accurate – which Martinez has not attempted to dispute – $39,000 of the seized funds were found in Martinez's car at the scene of the proposed transaction, after Martinez had specified that he had cash in his car to effectuate the purchase. The remaining $30,000 was transferred by Martinez to a bank account controlled by the U.S. Immigration and Customs Enforcement ("ICE") just days prior to the meeting at which he was arrested. Given these allegations, there is ample probable cause to believe that the funds were to be used in completing a purchase of narcotics.

satisfy either prong of the Jones-Farmer Rule, and as such, he has failed to justify a Monsanto hearing.

## CONCLUSION

For the foregoing reasons, Martinez's motion to release the seized funds, or in the alternative, to hold a Monsanto hearing, is denied.

**SO ORDERED.**

DATED:    New York, New York
         October 18, 2011

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE


Copies of the foregoing Order have been mailed on this date to the following:

**Attorney for Government**
Michael Ferrara
United States Attorney Office
One St. Andrew's Plaza
New York, NY 10007

**Attorney for Defendant**
Richard Palma
381 Park Avenue South
Suite 701
New York, NY 10016

6